IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**DR. PEPPER SNAPPLE GROUP, INC. and** §
**MANANTIALES PEÑAFIEL, S.A. DE C.V.,** §
§
Plaintiffs, §
v. § **Civil Action No. 3:17-CV-929-L**
§
**BEBIDAS PURIFICADAS DE** §
**TEHUACAN, S.A. DE C.V. and** §
**CENTAURO DISTRIBUTION, LLC,** §
§
Defendants. §

**MEMORANDUM OPINION AND ORDER**

Before the court are: Plaintiffs' Motion to Reconsider Appointment of Special Process Service, Motion for Entry of Management Plan, and Request for Special Summons, filed June 27, 2017 ("Plaintiffs' Motion to Reconsider") (Doc. 12); Motion of Defendant Centauro Distribution, LLC to Set Aside Entry of Default, filed September 28, 2017 (Doc. 21); and Plaintiffs' Motion for Entry of Final Default Judgment Against Centauro Distribution, LLC, filed August 22, 2017 (Doc. 16). Having considered the motions,[*] record, and applicable law, the court **denies** Plaintiffs' Motion to Reconsider (Doc. 12); **grants** Motion of Defendant Centauro Distribution, LLC to Set Aside Entry of Default (Doc. 21); and **denies as moot** Plaintiffs' Motion for Entry of Final Default Judgment Against Centauro Distribution, LLC (Doc. 16).

---

[*] There have been no responses to the above-listed pending motions, and the deadline to file responses has passed.

**Memorandum Opinion and Order- Page 1**

## I. Background

On March 31, 2017, Plaintiffs Dr. Pepper Snapple Group, Inc. and Manantiales Peñafiel, S.A. de C.V. ("Plaintiffs") brought this action alleging trade dress infringement and unfair competition under the Lanham Act, violations of Texas's Anti-Dilution Law, and common law unfair competition. Plaintiffs allege that Defendants Bebidas Purificadas de Tehuacan, S.A. de C.V. ("Tehuacan") and Centauro Distribution, LLC ("Centauro") have adopted packaging for their sparkling mineral water that copies Plaintiffs' unique packaging trade dress for its Peñafiel line of sparkling mineral water. Plaintiffs allege Defendant Tehuacan is involved in the design of packaging for, marketing of, production, and distribution in Texas of Tehuacan beverages. Plaintiffs further allege that Defendant Centauro is the United States distributor for Tehuacan's beverages and is directly responsible for the distribution of Tehuacan's beverages in this district.

## II. Analysis

### A. Plaintiffs' Motion to Reconsider

Plaintiffs have yet to effect service of process on Tehuacan in Mexico. On May 12, 2017, Plaintiffs moved the court to appoint and authorize APS International, Ltd., including its designated agents ("APS International"), to effect service of process on Tehuacan in Mexico via the Hague Convention. On June 20, 2017, the court denied the motion, explaining that Mexico is a signatory to the Hague Convention and, therefore, service through Mexico's Central Authority is "the exclusive method of service of process[.]" Order (Doc. 11) (citing *Compass Bank v. Katz*, 287 F.R.D. 392, 397 & n.6 (S.D. Tex. 2012)). Plaintiffs now ask the court to reconsider this Order, stating that "Plaintiffs intend to effect service in accordance with Fed. R. Civ. P. 4(h)(2) and the Hague Service Convention's procedures . . . and have engaged APS International—a litigation

services support firm specializing in international service of process—to assist with service of process." Mot. to Reconsider 2.

The Hague Convention sets forth the permissible methods of effecting service abroad. *Nuovo Pignon, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 383 (5th Cir. 2002). As noted by the court in its initial order denying Plaintiffs' motion to appoint APS International, the primary method of service authorized by the Hague Convention requires service through a member state's "Central Authority." Order (Doc. 11) (citation omitted). It is unclear from Plaintiffs' motion how appointing APS International to effect service of process in Mexico would not violate the Hague Convention. While Plaintiffs attach numerous cases as exhibits to the motion in which courts have appointed APS International as special process servers and authorized it to assist with service of process in countries that are signatories to the Hague Service Convention (*see* Exs. A-G to Plaintiffs' Mot. to Reconsider), none of the cases is decided by a court located in the Fifth Circuit. Further, according to Plaintiffs, "[b]efore Mexico will allow APS International to assist Plaintiffs [to] effect service, it requires an order appointing and authorizing APS International to do so." Mot. to Reconsider 2. In support of this proposition, Plaintiffs cite to Exhibit F to their motion, which the court has reviewed. Exhibit F is an order appointing APS International as special process server issued by a United States District Court for the Eastern District of Wisconsin in an unrelated case. It provides no support for Plaintiffs' contention that Mexico would allow APS International to assist Plaintiffs in effecting service, let alone that it requires a court order appointing and authorizing APS International to do so. For these reasons, and for those stated in its initial Order denying Plaintiffs' Motion to Appoint Special Process Service (*see* Order (Doc. 11), the court **denies** Plaintiffs' Motion to Reconsider.

**Memorandum Opinion and Order- Page 3**

### B. Centauro's Motion to Set Aside the Clerk's Entry of Default

On June 8, 2017, Plaintiffs effected service of process on Centauro. After Centauro did not answer or otherwise respond within twenty-one days of service, on July 21, 2017, Plaintiffs moved for an entry of default by the clerk as to Defendant Centauro. On July 24, 2017, the clerk entered default against Centauro. On August 22, 2017, Plaintiffs moved for entry of a default judgment against Centauro. Centauro filed an Answer on September 11, 2017. On September 28, 2017, Centauro filed its motion asking the court to set aside the clerk's entry of default.

A court may set aside an entry of a default for good cause shown. Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (citing Fed. R. Civ. P. 55(c)). In determining whether good cause is present to set aside a default, a court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is present." *Id.* at 292 (citation and quotation marks omitted). A court also considers whether the defaulting party "acted expeditiously" to cure the default. *Id.* (citation omitted). If the court determines that a default is willful—that is, intentional failure to answer or otherwise respond—such "[w]illful failure alone may constitute sufficient cause for the court to deny [the] motion [to set aside default]." *Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir. 1992).

Centauro states that setting aside the default will not prejudice Plaintiffs; that it has a meritorious defense; that it took quick action to remedy the default as soon as it learned of it; and that its failure to answer (since cured) was not willful. Plaintiffs have not filed a response, notwithstanding that Centauro agreed to an extension of time for a response to its motion until October 26, 2017. *See* Agreed Stipulation for Extension of Time to Respond to Centauro's Motion to Set Aside Default (Doc. 22).

After consideration of the record and applicable law, the court **concludes** that Centauro's failure to appear was not willful. Centauro has submitted an affidavit from Jose H. Teran, who explains that, at the time he was served with process in this case, he was no longer affiliated with Centauro and believed he was no longer its registered agent. *See* Ex. A to Mot. to Set Aside Default (Affidaivt of Jose H. Teran). Teran further states that Centauro was essentially shut down in March 2017, before service of process. *Id.* When Centauro learned of the lawsuit, it promptly filed an answer. *Id.* Additionally, and having reviewed Centauro's Answer (Doc. 18), the court cannot say at this early stage of the litigation that Centauro does not have a meritorious defense. Further, the court sees no prejudice to Plaintiffs in lifting the default, as this case is still in its initial stages and Tehuacan has not yet been served. Plaintiffs' ability to litigate its claims has not been materially impaired. The court, therefore, determines that good cause exists to set aside the default entered by the clerk on July 24, 2017, and **grants** Centauro's Motion to Set Aside the Clerks Entry of Default. In light of the court's decision to set aside the default, the court **denies as moot** Plaintiffs' Motion for Entry of Final Default Judgment Against Centauro Distribution, LLC.

### III.     Conclusion

For the reasons herein stated, the court **denies** Plaintiffs' Motion to Reconsider Appointment of Special Process Service, Motion for Entry of Management Plan, and Request for Special Summons (Doc. 12). Further, having determined that good cause exists to set aside the clerk's entry of default against Defendant Centuaro, the court **grants** the Motion of Defendant Centauro Distribution, LLC to Set Aside Entry of Default (Doc. 21), and **denies as moot** Plaintiffs' Motion

for Entry of Final Default Judgment Against Centauro Distribution, LLC (Doc. 16). The default entered by the clerk against Defendant Centauro on July 24, 2017, is hereby **set aside**.

**It is so ordered** this 27th day of November, 2017.

_____
Sam A. Lindsay
United States District Judge